Mignonette E. Luhrs et al. [1] v. Commissioner. Luhrs v. Commissioner
Docket Nos. 21595, 21596, 21597, 21598, 21614.
United States Tax Court
1950 Tax Ct. Memo LEXIS 164; 9 T.C.M. (CCH) 537; T.C.M. (RIA) 50160; June 28, 1950
Francis N. Marshall, Esq., and Harry R. Horrow, Esq., for the petitioners. Charles W. Nyquist, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined deficiencies in the income tax liability of the petitioners for the year 1944 as follows: Petitioner
Docket No.
Deficiency
Mignonette E. Luhrs
21595
$10,515.72
Leslie W. Hills
21596
6,908.63
Herbert Gray Hills
21597
10,662.65
Estate of Everard Hunt
Hills
21598
6,084.83
Edward E. Hills
21614
6,900.59
In Docket Nos. 21595, 21596, and 21597, the petitioners concede that a small amount of the deficiency is correct. In Docket Nos. 21598 and 21614, the entire amounts of the deficiencies are contested. The chief question is whether the petitioners sold their respective *165 interests in a partnership, as they contend they did. Respondent contends that the transaction which is in dispute involved a sale of assets. The second question is whether the transaction in dispute involved sales of capital assets. Petitioners contend that gains realized are taxable as capital gains. Each petitioner filed his income tax return for 1944 with the collector for the first district of California at San Francisco. The record consists of a stipulation of facts, testimony, and various exhibits. Findings of Fact The facts which have been stipulated are found as facts and are incorporated herein by this reference. A. H. Hills and R. W. Hills, brothers, operated a business enterprise under the name of A. H. & R. W. Hills Orange Orchard for many years under an oral partnership agreement. The business comprised farming operations in the growing and marketing of oranges, lemons, and other farm products, and the raising of cattle, sheep, and other livestock, for sale. The real property and personal property were located in Tulare County, California, where the business was conducted. The properties consisted of about 565 acres of land, citrus trees upon the land, a building, *166 a machine shop, wells and pumping plants in pipe lines, an overhead system, a heating system, fences and various farm, office and automotive equipment. All of the property was owned and used in the business which was conducted for the mutual profit of A. H. and R. W. Hills. The enterprise of A. H. and R. W. Hills Orange Orchard is referred to hereinafter as either Orchard or the partnership. The petitioners, Mignonette E. Ellis (subsequently Luhrs), Leslie W. Hills, Herbert Gray Hills, Edward E. Hills, and R. W. Hills, Jr., inherited their interests in Orchard from A. H. Hills and R. W. Hills upon the death of each of them. A. H. Hills died in 1933. R. W. Hills died in 1934. Everard Hunt Hills, deceased, was the wife of R. W. Hills, Jr., who died in 1940. Upon his death his interest passed to Everard. By virtue of decrees of distributions of the several estates, undivided interests in Orchard were held as follows: Mignonette E. Ellis (subsequently Luhrs)
1/4
Leslie W. Hills
1/6
Herbert Gray Hills
1/4
Everard Hunt Hills
1/6
Edward E. Hills
1/6
The above named persons operated the business of Orchard as partners under an oral partnership agreement and under *167 a written partnership agreement. The oral agreement was reduced to writing on September 19, 1944. They shared in the profits and contributed to make up the losses resulting from the operation of the business of Orchard throughout the entire period of their ownership of their respective interests. Under the oral and written partnership agreements the contributions by the respective partners to the capital of the partnership were in the proportions which have been set forth above. The undivided interests in the real property were held in the names of the aforesaid persons, in the proportions set forth above, until September 30, 1944, when each person deeded to Orchard his or her undivided interest in the real property. Orchard had its own bank account in the name of A. H. & R. W. Hills Orange Orchard, and automotive equipment and memberships in packing houses and marketing associations stood in that firm name. The written partnership agreement provided, inter alia, as follows: "First: The parties hereby declare that they have heretofore maintained a general partnership under the laws of the State of California and that they desire to continue the said general partnership for the *168 period and upon the terms and conditions herein stated, for the purpose of owning and conducting the business of, and incidental to, those certain ranch and orchard properties in the County of Tulare, State of California, * * * which properties have been known as the A. H. & R. W. Hills Orange Orchard * * *. "Second: The business of the partnership shall be conducted under the firm name and style of A. H. & R. W. HILLS ORANGE ORCHARD. * * *
"Fifth: The parties have contributed the capital of the partnership in the amounts hereinafter set forth opposite their respective names: * * *
Edward E. Hills
one sixth
Leslie W. Hills
one sixth
Everard Hunt Hills
one sixth
Mignonette E. Ellis
one fourth
Herbert Gray Hills
one fourth
"Ninth: All profits of the partnership shall be divided between the partners in the proportion set forth in paragraph Fifth, and may be withdrawn by the partners from time to time by mutual consent. * * * If the profits of the business are insufficient to pay the expenses of the business, then any deficiency shall be borne by and charged to the partners in the proportions set forth in paragraph Fifth." * * *
The separate *169 deeds of interests in the real property to Orchard and the above partnership agreement were recorded in Tulare County on October 28, 1944. E. I. Barnes was employed as the manager of Orchard for more than twenty years prior to 1944. He and five associates negotiated with petitioners for the purchase of their interests in Orchard. The negotiations were carried on at all times in terms of the purchase and sale of the partnership interests of E. E. Hills, L. W. Hills, H. G. Hills, Everard Hills, and Mignonette Ellis. These persons agreed to sell their respective interests in the partnership. On or about October 31, 1944, each of the aforenamed persons executed an Agreement dated October 31, 1944, as parties of the first part, with E. I. Barnes, Winifred Barnes, Roy Southwick, Eleanor Southwick, Edward I. Barnes, Jr., and Nina Barnes, parties of the second part. Under this Agreement E. E. Hills, L. W. Hills, H. G. Hills, Everard Hills, and Mignonette Ellis sold their respective interests in the partnership of A. H. & R. W. Hills Orange Orchard to E. I. Barnes and the other second parties, the sale to be consummated as of November 1, 1944. The Agreement provided that "Each of the first *170 parties hereby consents to the sale by the other first parties of their respective interests in the partnership." The purchasers agreed to pay an aggregate purchase price of $260,000. The sales agreement provided, in part, as follows: "1. First parties agree to sell to second parties their respective interests in said partnership for the following amounts: Edward E. Hills
$43,333.34
Leslie W. Hills
43,333.33
Everard Hunt Hills
43,333.33
Mignonette E. Ellis
65,000.00
Herbert Gray Hills
65,000.00
"2. Second parties jointly and severally agree to purchase the several interests of first parties in said partnership for the sums set forth in paragraph 1. "3. The aggregate purchase price of $260,000 shall be paid by second parties as follows: "On or before November 1, 1944, second parties shall pay to Edward E. Hills the sum of $833.34; to Leslie W. Hills and Everard Hunt Hills, each, the sum of $833.33; and to Mignonette E. Ellis and Herbert Gray Hills, each, the sum of $1,250. "On or before December 28, 1944, secon parties shall pay to Edward E. Hills the sum of $1,458.34; to Leslie W. Hills and Everard Hunt Hills, each, the sum of $1,458.33; and to Mignonette *171 E. Ellis and Herbert Gray Hills, each, the sum of $2,187.50. "The balance of the purchase price of $246,250 shall be evidenced by promissory notes payable to the first parties in the following amounts: Edward E. Hills
$41,041.66
Leslie W. Hills
41,041.67
Everard Hunt Hills
41,041.67
Mignonette E. Ellis
61,562.50
Herbert Gray Hills
61,562.50 Said notes shall be secured by a first deed of trust upon the real property now owned by the partnership, said promissory notes and deed of trust to be in form satisfactory to first parties' attorneys. * * *. "4. The sale shall be consummated as of November 1, 1944, and all amounts due the partnership as of November 1, 1944, whether arising out of the business done before or after that date, shall be the property of the second parties. All cash receipts of the partnership prior to November 1, 1944, shall be distributed to the first parties. "5. Second parties agree to hold first parties harmless of any and all claims arising out of the partnership business either before or after November 1, 1944, including claims of the federal government or the state of California for income tax on payments received by second parties *172 subsequent to November 1, 1944, arising out of business of the partnership done prior to November 1, 1944." Each of the parties of the first part executed an individual assignment of his undivided interest in the partnership, which was dated October 31, 1944. A deed conveying title to the real property was executed by A. H. & R. W. Hills Orange Orchard to E. I. Barnes and the other second parties, in order that each of the second parties might hold an undivided one-sixth interest in the real property as his or her sole and separate property. This deed was recorded on November 27, 1944, in Tulare County. Motor vehicle ownership certificates were endorsed by the partnership and delivered to the second parties. With the exception of the foregoing, no bill of sale or other document purporting to transfer any partnership property or ownership in partnership property was executed. At the closing of the transaction, the sellers delivered the assignments of their respective interests in the partnership in escrow in return for the initial payment, promissory notes, and the deed of trust, which were duly received by the sellers. On October 31, 1944, the assets of the partnership consisted *173 of the following: Land, trees on which was a growing crop of oranges and lemons, pipe lines, pumping plants, wells, overhead system, buildings, fences, machine shop and tools, overhead heating system, automotive equipment, office equipment, hogs, horses, cattle and sheep, cash in bank in the amount of $4,702, and credits and amounts due from packing house and marketing associations. On October 31, 1944, the above cash was withdrawn and distributed among the petitioners in proportion to their respective interests aforesaid. The associations were given notice of the sale by various documents. No part of the price which was paid for the respective interests of the petitioners in the partnership was allocated to any specific asset of the partnership, and no bills of sale were given by petitioners, or any one of them, for any personal property owned by the partnership. The purchasers, E. I. Barnes, et al., agreed in the sales agreement "to cease operating under the partnership name 'A. H. & R. W. Hills Orange Orchard' on November 1, 1944," and agreed that thereafter all business would be conducted under a firm name which did not contain the word "Hills." They agreed also to give notice *174 to the organizations and marketing associations, and others, with which the partnership had done business in the past, of change in the name of the firm, and the sellers agreed to execute any documents necessary to effectuate changes in the name under which the new partnership would be conducted. Accordingly, formal notices were given that the business would be carried on thenceforth under the firm name of Barnes-Wick Ranch. The A. H. & R. W. Hills Orange Orchard kept its books of account on the farmers' cash basis, and it did not maintain an inventory of crops, harvested or otherwise. On October 31, 1944, the growing crop and other property mentioned above were owned and were assets of the partnership. On October 31, 1944, the cash in the bank account of the partnership, in the amount of $4,702, was withdrawn and distributed to each of the petitioners in proportion to their respective partnership interests. In exchange for their respective interests in the partnership, the petitioners received the following sums during 1944 as installment payments: Mignonette E. Luhrs
$3,437.50
Leslie W. Hills
2,291.66
Herbert Gray Hills
3,437.50
Everard Hunt Hills
2,291.66
Edward E. Hills
2,291.68
*175 It is stipulated that the respective interests of the petitioners had the following bases on October 31, 1944, for purposes of determining gain or loss upon the sale thereof: Petitioner
Interest
Basis
Mignonette E. Luhrs
1/4
$19,993.17
Herbert Gray Hills
1/4
19,993.17
Edward E. Hills
1/6
10,515.29
Leslie W. Hills
1/6
10,515.29
Everard Hunt Hills
1/6
11,351.02
In the deficiency notices, the respondent explained the adjustments which he made in the income of each petitioner as follows: "(a) Income from the partnership of A. H. & R. W. Hills Orange Orchard, San Francisco, California, is increased by $11,290.50 * * * "(1) Available information discloses that the above-named partnership was formed September 1, 1944 and that an alleged sale of partnership interests occurred on November 1, 1944. The profit on the sale was treated by the individual partners as a long-term capital gain which was computed on the installment basis. "It is held that the above sale constitutes a sale of assets held by the partnership and that the portion of the sales price properly allocable to the oranges and lemons on the trees in the orchard, or $45,162.00, constitutes *176 ordinary income. Since fruit is of the type of property that is includible in inventory, the selling price of the crop may not be reported on the installment basis. Accordingly, the amount of $45,162.00 representing gross receipts from sale of the growing crop of oranges and lemons is included in partnership ordinary income." Opinion The chief question is whether each petitioner made a sale of his or her partnership interest in 1944. The evidence shows that each petitioner made a sale of his or her partnership interest, and that has been found as a fact. It is so held. Although the pleadings do not squarely present the issue of whether petitioners were partners and conducted the business of Orchard under and as a partnership, the general question involves that subsidiary question, and it has been argued by the parties on brief. The evidence shows that petitioners were partners in the conduct of the business of A. H. & R. W. Hills Orange Orchard, and, accordingly, that has been found as a fact. The evidence shows that each of the petitioners sold his or her respective interest in the partnership known as the A. H. & R. W. Hills Orange Orchard. The subject of the sale was not *177 the assets of the partnership, nor any part thereof, but was expressly a sale of the respective partnership interests. After the sale, none of the petitioners had any interest in the partnership which had been operated under the name of A. H. & R. W. Hills Orange Orchard. Their respective interests had each been completely transferred to the purchasers of the business who continued its operation under another name. No vital significance can be attributed to the fact that the purchasers adopted another firm name for the business which they acquired and continued to operate. Respondent in his briefs has attempted to distinguish the long line of cases which have held that the sale of a partnership interest is the sale of a capital asset. After his briefs were filed, the Chief Counsel of the Bureau of Internal Revenue promulgated a new ruling which provides that "the sale of a partnership interest should be treated as the sale of a capital asset under the provisions of section 117 of the Internal Revenue Code." See G.C.M. 26379, Internal Revenue Bulletin, No. 10, May 15, 1950, p. 4. The above rule states that it is in accord with "The overwhelming weight of authority, *178 " and cites the authorities which have provided the basis for the ruling. Among them are the following: Allan S. Lehman, 7 T.C. 1088; aff'd, 165 Fed. (2d) 383; certiorari denied, 334 U.S. 818; Stilgenbaur v. United States, 115 Fed. (2d) 283; Thornley, et ux. v. Commissioner, 147 Fed. (2d) 416; Robert E. Ford, et al., 6 T.C. 499; and Commissioner v. Shapiro, 125 Fed. (2d) 532. The critical question in these proceedings is whether in fact and in substance, the petitioners actually sold their respective interests in the partnership. The evidence in these proceedings strongly supports the conclusion that petitioners sold their respective interests in the partnership. Therefore, the gains realized are taxable as capital gains. Respondent erred in his contrary determination. Consideration has been given to the proceeding of Estate of Herbert B. Hatch, et al., 14 T.C. 251. The facts of these proceedings distinguish it from Estate of Herbert B. Hatch, et al., supra.
Decisions will be entered under Rule 50. Footnotes
1. These proceedings were consolidated for trial and opinion. Leslie W. Hills, Docket No. 21596; Herbert Gray Hills, Docket No. 21597; Estate of Everard Hunt Hills, Docket No. 21598; and Edward E. Hills, Docket No. 21614.↩